UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Willie Junior Hines, # 240466, *aka* Willie Hines, Jr., <br><br> Plaintiff, <br><br> vs. <br><br> David M. Collins, Jr., <br><br> Defendant. | C/A No. 6:07-1164-GRA-WMC <br><br> **Report and Recommendation** |

The plaintiff, Willie Junior Hines ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Perry Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names the attorney appointed by the State in Plaintiff's post-conviction relief lawsuit as the sole defendant. Plaintiff alleges legal malpractice by the Defendant and seeks monetary damages. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton*

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

*v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions

2

never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

### Discussion

The complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The complaint in this case fails to allege either of these essential elements and thus fails to state a claim on which relief may be granted. With respect to Defendant Collins' legal representation of Plaintiff, negligence and legal malpractice, both state law claims, are not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-336 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-348 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793-794 (4th Cir. 1987); and *Pink v. Lester*, 52 F.3d 73 (4th Cir.

1995)(applying *Daniels v. Williams* and *Ruefly v. Landon*: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]"). Claims under § 1983 must allege violation of a federal right, secured by the Constitution or laws of the United States, and not violations of duties of care arising under state law.[2] *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 200-203 (1989).

The Complaint also fails to allege the second element of a § 1983 claim, which requires the violation of federal rights to be committed by a person acting under the color of state law. Defendant Collins is the attorney appointed by the State to represent Plaintiff in a state court post-conviction proceeding. The Complaint does not allege that he acted under color of state law. "The color of law requirement excludes from the reach of § 1983 all 'merely private conduct, no matter how discriminatory or wrongful.'" *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003), quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980) (court-appointed attorney); *Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender).

---

[2]State law claims could be cognizable, although not under § 1983, if this Court had diversity jurisdiction. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 (1978). The Complaint does not present facts to support diversity jurisdiction in this case.

In *Hall v. Quillen*, 631 F.2d 1154, the district court had disposed of the case against a physician and a court-appointed attorney on grounds of immunity. Although affirming the district court's order, the Court of Appeals indicated that lower courts should first determine whether state action occurred:

> [I]mmunity as a defense only becomes a relevant issue in a case such as this if the court has already determined affirmatively that the action of the defendant represented state action. This is so because state action is an essential preliminary condition to § 1983 jurisdiction, and a failure to find state action disposes of such an action adversely to the plaintiff.

*Hall v. Quillen*, 631 F.2d at 1155 (citations omitted). *See also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) ("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed."). Plaintiff's § 1983 action should be dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

## **Recommendation**

Accordingly, it is recommended that the District Court dismiss the Complaint *without prejudice* and without issuance and service of process. *See* 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). The plaintiff's attention is directed to the notice on the following page.

May 16, 2007
Greenville, South Carolina

WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).